IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00931-WJM-NRN

HAZHER A. SAYED,

Plaintiff,

v.

SGT. KAUTZ, Colorado State Penitentiary, individual capacity,
SGT. MULLER, Colorado State Penitentiary, individual capacity,
SGT. RAMPON, Colorado State Penitentiary, individual capacity, and
UNKNOWN JOHN/JANE DOE, Corr. Officers, individual capacity,

Defendants.

## ORDER TO SHOW CAUSE

**N. REID NEUREITER**
**United States Magistrate Judge**

On August 22, 2018, the Colorado Department of Corrections ("CDOC") filed a Waiver of Service on behalf of Defendants Mueller and Rampone (Dkt. #26). Their deadline to answer or otherwise respond to Mr. Sayed's Amended Complaint (Dkt. #18) is today. The CDOC did not waive service on behalf of Defendant Kautz or the John/Jane Doe Defendants because Kautz is no longer an CDOC employee and the John/Jane Doe Defendants cannot be identified as current CDOC employees. On August 23, 2018, Judge Martinez ordered the United States Marshals to effect service on Defendant Kautz at his last known address, which was filed with the Court under restriction (Dkt. #28). The Return of Service filed by the United States Marshals on October 12, 2018, indicates that Defendant Kautz does not reside at the address provided (Dkt. #39.)

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m). Furthermore, Rule 41(b) provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19– operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). In addition, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . .(C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

Based upon the foregoing, it is hereby

**ORDERED** that Plaintiff Hazhar A. Sayed's Petition for Writ of Assistance (Dkt. # 41), which requests that the Court order the Defendants to be served by the United States Marshals, is **DENIED**. It is further

**ORDERED** that on or before November 21, 2018, Mr. Sayed shall, in writing, (1) provide to the Court an updated address for Defendant Kautz so that the United States Marshall can effect service of process; (2) identify by name the John/Jane Doe Defendants; and/or (3) show cause why this case should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m), 16(f), and/or 41(b) as against these Defendants.

Dated: October 22, 2018  
       Denver, Colorado

s/ N. Reid Neureiter  
N. Reid Neureiter  
United States Magistrate Judge