**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 18-cv-0931-WJM-NRN

HAZHAR A. SAYED,

    Plaintiff,

v.

KAUTZ, Sgt., Colorado State Penitentiary (individual capacity),
MUELLER, Sgt., Colorado State Penitentiary (individual capacity),
RAMPONE, Sgt., Colorado State Penitentiary (individual capacity), and
UNKNOWN JOHN/JANE DOE, Corr. Officers, individual capacity,

    Defendants.[1]

---

**ORDER ADOPTING AS MODIFIED NOVEMBER 8, 2018 RECOMMENDATION
OF MAGISTRATE JUDGE DISMISSING WITHOUT PREJUDICE PLAINTIFF'S
SOLE CLAIM AGAINST DEFENDANT KAUTZ AND THE DOE DEFENDANTS**

---

This matter is before the Court on United States Magistrate Judge N. Reid Neureiter's Recommendation dated November 8, 2018 (the "Recommendation"; ECF No. 48), which recommended that this Court dismiss without prejudice Plaintiff Hazhar A. Sayed's ("Plaintiff") sole claim against Defendants "Sgt. Kautz" ("Kautz") and "Unknown John/Jane Doe, Corr. Officers" ("Doe Defendants") based on Plaintiff's failure to prosecute and comply with court orders. (*Id*. at 3.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiff filed a timely Objection to the Recommendation ("Objection"; ECF No. 53).

---

[1] In the Complaint, Plaintiff spells Defendant Mueller's name as "Muller" and Defendant Rampone's name as "Rampon". (ECF No. 18 at 1, 3.) Through subsequent filings, however, it has become clear that Plaintiff misspelled these names. (*See, e.g.*, ECF Nos. 26 & 67 at 4.) Accordingly, the Court has used the correct names herein and the parties shall amend their captions to reflect the correct spelling, as shown in the caption of this Order.

While the Recommendation was pending before this Court, Plaintiff filed a "Request for Ruling and/or Hearing on Plaintiff's Objection to Magistrate Judge's Recommendation" ("Request for Ruling"; ECF No. 64).

For the reasons set forth below, the Recommendation is adopted as modified, Plaintiff's Objection is overruled, Plaintiff's Request for Ruling is granted, and Plaintiff's sole claim against Kautz and the Doe Defendants is dismissed without prejudice.

## I. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Here, Plaintiff filed a timely objection to the Recommendation. (*See* ECF No. 53.) Therefore, this Court reviews the issues before it *de novo*.

In considering the Recommendation, the Court is also mindful of Plaintiff's *pro se* status, and accordingly, reads his pleadings and filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir.

2007). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003).

## II. BACKGROUND

Plaintiff is a state prisoner in the custody of the Colorado Department of Corrections (CDOC) and is currently incarcerated at the Buena Vista Correctional Facility. (ECF No. 46.) The events that gave rise to this lawsuit, however, occurred while Plaintiff was incarcerated at the Colorado State Penitentiary ("CSP"). (ECF No. 18.) According to Plaintiff, Defendants Kautz, "Sgt. Muller" ("Mueller"), "Sgt. Rampon" ("Rampone"), and the Doe Defendants (collectively, "Defendants") were correctional officers at the CSP at the time of the alleged misconduct. (*Id*.)

Plaintiff asserts that Defendants violated his First Amendment right of access to the courts by retaliating against him for filing grievances and lawsuits. (*Id*. at 5–8.) Plaintiff specifically alleges that on January 4, 2018, he went into the "attorney-client visiting-room" at the CSP to discuss with his attorney "grievances and pending lawsuits" that he had filed against various CSP correctional officers. (*Id*. at 6.) Upon entering the room, Plaintiff claims that Defendants "screamed" at him, saying that Plaintiff "was snitching on [certain CSP correctional officers] by filing grievances and lawsuits, and if [he] didn't stop, this is what would happen every time [Defendants] saw [him]." (*Id*. at 6–7.)

Plaintiff asserts that Defendants then "used the intercom system in visiting-room

3

at [CSP]" to call Plaintiff a "snitch, rat and sex-offender." (*Id*. at 7.) Plaintiff alleges that Defendants did this "in retaliation for [Plaintiff] having filed grievances and lawsuits against [various CSP correctional officers]." (*Id*. at 7–8.) Moreover, Plaintiff claims that as a result of Defendants "falsely label[ing Plaintiff] as a snitch, rat, and sex-offender," the Defendants have caused him to be "approached and subjected to physical confrontation by [the Doe Defendants], staff member(s) and the other inmates, and possibly could lead to staff and inmates assaults and criminal charges against [Plaintiff]." (*Id*. at 7.) This lawsuit followed. (ECF No. 1.)

### III. Procedural History

Plaintiff, acting *pro se*, initiated this action on April 20, 2018, by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983. (*Id*.) Plaintiff's currently operative complaint is his Third Amended Complaint. (ECF No. 18.)

On August 22, 2018, the CDOC filed a Waiver of Service on behalf of Mueller and Rampone. (ECF No. 26.) The CDOC, however, did not waive service on behalf of Kautz or the Doe Defendants because Kautz was no longer a CDOC employee and the Doe Defendants had not been identified as current CDOC employees. (*Id*.) The next day, the Court ordered the United States Marshals to effect service on Kautz at his last known address (ECF No. 28), which was filed with the Court under restriction (ECF No. 29). The Return of Service filed by the United States Marshals on October 12, 2018, however, indicates that Kautz does not reside at the address provided. (ECF No. 39.) As of the date of this Order, neither Kautz or the Doe Defendants have been served with process.

On October 22, 2018, the Magistrate Judge entered an Order to Show Cause. (ECF No. 43.) Specifically, the Magistrate Judge ordered that on or before November 21, 2018, Plaintiff must "(1) provide to the Court an updated address for Defendant Kautz so that the United States Marshall [*sic*] can effect service of process; (2) identify by name the John/Jane Doe Defendants; and/or (3) show cause why this case should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m), 16(f), and/or 41(b) as against these Defendants." (*Id*. at 3.)

On October 29, 2018, Plaintiff filed a Response to the Order to Show Cause ("Response"; ECF No. 45). The Magistrate Judge reviewed Plaintiff's Response and issued his Recommendation on November 8, 2018. (ECF No. 48.) On March 15, 2019, Plaintiff filed a "Motion for Permission to file an Amended Complaint" ("Motion to Amend Complaint"; ECF No. 74) which is still pending before this Court.

### III. ANALYSIS

The Magistrate Judge recommended that Plaintiff's sole claim against Kautz and the Doe Defendants be "dismissed without prejudice pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1 based on Plaintiff's failure to prosecute and failure to comply with court orders." (ECF No. 48 at 3.) The Magistrate Judge expressly noted that this recommendation applied only to the extent Plaintiff's claim was asserted against Kautz and the Doe Defendants, and that the claim remained viable against Mueller and Rampone. (*Id*.)

As previously discussed, the Magistrate Judge initially ordered Plaintiff to show cause why his claim against Kautz and the Doe Defendants "should not be dismissed

without prejudice pursuant to Fed. R. Civ. P. **4(m)**, 16(f), and/or 41(b)." (ECF No. 43 at 3 (emphasis added).) The Recommendation, however, does not address Rule 4(m) and instead finds that Plaintiff's claim against Kautz and the Doe Defendants should be "dismissed without prejudice pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1." (ECF No. 48 at 3.) While the Court finds the Magistrate Judge's analysis to be sound, the Court concludes that dismissal of Kautz and the Doe Defendants pursuant to Rule 4(m) alone is more appropriate. Accordingly, the Court need not address the findings made in the Recommendation regarding dismissal under Rules 16(f) or 41(b).

A.  **Rule 4(m) Standard**

A court cannot obtain personal jurisdiction over a party without proper service of process. *See Murphy Bros. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant."); *see also Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.").

Rule 4 governs service of a summons and complaint in federal court. Pursuant to Rule 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(m) provides, in pertinent part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

A court applying these rules engages in a two-part inquiry. First, the court determines "whether the plaintiff has shown good cause for the failure to timely effect service." *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000); *see also Estate of Goodwin ex rel. Alvarado v. Connell*, 2019 WL 1170547, at *2 (D. Colo. Mar. 12, 2019). "If good cause is shown, the plaintiff is entitled to a mandatory extension of time." *Id.*; *see also* Fed. R. Civ. P. 4(m). If the plaintiff fails to show good cause, then the court proceeds to the second step of the analysis and "consider[s] whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Scott*, 216 F.3d at 912; *see also Estate of Goodwin*, 2019 WL 1170547, at *2.

**B.     Plaintiff Failed to Serve Kautz and the Doe Defendants within 90 Days**

Before conducting the two-part inquiry pursuant to Rule 4(m), the Court must first determine whether the 90-day period in which Plaintiff needed to serve Kautz and the Doe Defendants has elapsed. According to Rule 4(m), the 90-day period begins to run "after the complaint is filed." In this case, however, Plaintiff has amended his original complaint three times. (*See* ECF No. 1, 6, 11, 18.) The Tenth Circuit has provided insight on this matter, holding that the 90-day period provided by Rule 4(m) "is not restarted by the filing of an amended complaint except as to those defendants newly

7

added in the amended complaint. This construction of the rule prevents the plaintiff from repeatedly filing amended complaints to extend the time for service indefinitely." *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) (citations omitted). Accordingly, courts read the 90-day period to commence once the "first version of the complaint naming the particular defendant to be served" is filed. *Id*. at 1149.

In this case, Kautz and the Doe Defendants were both named in the original complaint, which was filed on April 20, 2018. (ECF No. 1.) Thus, the deadline for Plaintiff to serve these Defendants with process was July 19, 2018. Accordingly, it is proper for the Court to engage in Rule 4(m)'s two-part inquiry to determine whether Plaintiff's failure to serve Kautz and the Doe Defendants warrants their dismissal from this case.

## C.     First Inquiry—Plaintiff Failed to Show Good Cause

First, the Court must determine whether Plaintiff has shown good cause for his failure to timely serve Kautz and the Doe Defendants. *Scott*, 216 F.3d at 912. In making this determination, the Court will review Plaintiff's Response to the Order to Show Cause (ECF No. 45) and his Objection to the Recommendation (ECF No. 53). As previously mentioned, the Magistrate Judge directed Plaintiff in the Order to Show Cause to "(1) provide to the Court an updated address for Defendant Kautz so that the United States Marshall [*sic*] can effect service of process; (2) identify by name the John/Jane Doe Defendants; and/or (3) show cause why this case should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m), 16(f), and/or 41(b) as against these Defendants." (ECF No. 43 at 3.)

8

In his Response, however, Plaintiff only attempts to address the first part of the Order to Show Cause—that he provide an updated address for Kautz. (ECF No. 45 at 1–3; *see* ECF No. 48 at 2.) In particular, Plaintiff stated that Kautz could be served at the address of the CDOC's Office of Legal Services. (ECF No. 45 at 2.) However, as the Magistrate Judge noted in his Order to Show Cause, Kautz is no longer a CDOC employee and therefore personal service on Kautz could not be properly effected by serving process on the CDOC. (ECF Nos. 43 at 1 & 48 at 2; *see also* ECF Nos. 26 & 38.) *See* Fed. R. Civ. P. 4(e); *see also* Colo. R. Civ. P. 4(e). Since Plaintiff failed to comply with the any part of the Order to Show Cause, the Magistrate Judge recommended that Plaintiff's claims against Kautz and the Doe Defendants be dismissed without prejudice. (ECF No. 48.)

In his Objection to the Recommendation, Plaintiff appears to allege that he did not need to provide an updated address for Kautz or identify by name the Doe Defendants as they could be properly served at the CSP and the Colorado Attorney General's office. (ECF No. 53 at 3.) The Court disagrees. A review of the record clearly shows that Plaintiff has been informed numerous times that Kautz cannot be served through the CDOC or a related entity and that the Doe Defendants cannot be served until Plaintiff has provided the Court with their identities. (*See, e.g.*, ECF No. 26, 38, 43, 48.) Plaintiff has repeatedly ignored this information and has continued to reiterate the same arguments (*i.e.*, that he does not need to identify the Doe Defendants and that they and Kautz can be served at the CDOC, the CSP, and/or the Colorado Attorney General's Office). (*See, e.g.*, ECF Nos. 41 at 2, 45 at 2–3, 53 at 3.)

9

Plaintiff also appears to argue that it was not his fault Kautz and the Doe Defendants were not served since he had sought assistance of service from the Court. (ECF No. 53 at 2–3.) It is true that Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 4.) Under § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." Thus, "[a] *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the Clerk of the Court and/or U.S. Marshal for service of the summons and complaint, *but only insofar as the court is provided proper contact information for the defendant to be served*." *Locke v. Fedex Freight, Inc.*, 2013 WL 5925542, at *5 (D. Colo. Nov. 4, 2013) (emphasis added).

On August 22, 2018, Plaintiff was informed that the CDOC could not waive or accept service as to Kautz or the Doe Defendants because Kautz was no longer a CDOC employee and since Plaintiff had yet to identify the Doe Defendants. (ECF No. 26.) The next day, the Court ordered the United States Marshals to effect service on Kautz at his last known address (ECF No. 28), but not the Doe Defendants as they were still unidentified. On October 12, 2018, the Court was notified that Kautz "does not reside at that address." (ECF No. 39.) Thus, based on the information before the Court, Kautz cannot be served at the address provided to the Court and the Doe Defendants cannot be served as Plaintiff has repeatedly refused to identify them.

While an incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the Clerk of the Court and/or U.S. Marshal for service of the summons and complaint, there is no indication in this case that the U.S. Marshal or the Clerk of the

Court have failed to perform their duties to serve Kautz or the Doe Defendants. In regard to Kautz, service was attempted at the address provided to the court. (*Id*.) The Court need not require the U.S. Marshal or the Clerk of the Court to locate or further attempt to serve Kautz. *See Calbart v. Denver Sheriff Dep't*, 2011 WL 805765, at *4 (D. Colo. Feb. 8, 2011), *report and recommendation adopted*, 2011 WL 780900 (D. Colo. Feb. 28, 2011). In regard to the Doe Defendants, service has not been attempted because Plaintiff has not identified them. Thus, the failure to serve the Doe Defendants with process can only be attributable to Plaintiff and no one else.

In sum, the Court finds that Plaintiff has been given ample opportunity to show good cause for his failure to timely serve Kautz and the Doe Defendants. Plaintiff has failed to make such a showing. Accordingly, the Court must conclude that Plaintiff has failed to demonstrate good cause for a mandatory extension of time pursuant to Fed. R. Civ. P. 4(m).

**D.    Second Inquiry—A Discretionary Time Extension is Not Warranted**

Even if the Plaintiff fails to demonstrate good cause for a mandatory extension of time to serve, the Court must consider "whether a permissive extension of time may be warranted." *Scott*, 216 F.3d at 912. In making this determination, the court should consider several factors, including whether "the applicable statute of limitations would bar the refiled action"; whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and whether there is reason to protect a *pro se* plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Espinoza v. United*

*States*, 52 F.3d 838, 842 & n.8 (10th Cir. 1995); *see Barnard v. Turnkey Health Inc.*, 2018 WL 6274007, at *2 (W.D. Okla. Nov. 30, 2018).

The "statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued." *Braxton v. Zavaras*, 614 F.3d 1156, 1160 (10th Cir. 2010). Since this action accrued on January 4, 2018, the statute of limitations period does not expire until January 4, 2020. (ECF No. 18 at 6.) Accordingly, a dismissal pursuant to Rule 4(m) will not prejudice Plaintiff as he will still have ample time to refile his claim against Kautz and the Doe Defendants. Thus, the Court finds that this factor does not weigh in favor of granting Plaintiff a discretionary time extension.

In addition, Kautz and the Doe Defendants are not United States officers or employees. Even though the Doe Defendants have not been named, Plaintiff does identify them as "Correctional Officers" at the "Colorado State Penitentiary." (*Id*. at 4.) Thus, it is beyond dispute that the Doe Defendants are not United States employees, but rather employees of the state of Colorado. Moreover, the Court finds that there is no reason to protect Plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition" since the Court granted Plaintiff's *in forma pauperis* application ten days after Plaintiff filed his initial complaint, and nearly three months before Plaintiff filed his Third Amended Complaint. (*See* ECF Nos. 1, 4, 18.)

The Court also finds compelling that Plaintiff has made no effort to identify the Doe Defendants or provide the Court with Kautz's current address. In addition, Plaintiff has proffered no reason for his delay and has not asked the Court for extended time to

12

serve Kautz and the Doe Defendants. Instead, Plaintiff merely asserts that the Doe Defendants need not be named in order for them to be served and that they and Kautz can be properly served at the CDOC, the CSP, and/or the Colorado Attorney General's Office. Even though the Court has informed Plaintiff that these assertions are incorrect, Plaintiff has not budged and has continued re-asserting these arguments.

Although Plaintiff is *pro se*, the Court notes that his *pro se* status does not relieve Plaintiff of the duty to comply with rules and procedures governing litigants and counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *see also Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure"). Moreover, Plaintiff has consistently disregarded the Federal Rules of Civil Procedure in this respect, despite being informed of the deficiencies through the Magistrate Judge's orders. Therefore, the Court finds that Plaintiff's *pro se* status does not warrant a time extension.

Finally, pursuant to Rule 4(m), Plaintiff had 90 days after the filing of his original complaint on April 20, 2018, to serve both Kautz and the Doe Defendants. This 90-day time frame expired on July 19, 2018. As of the date of this Order, 342 days have gone by and still Plaintiff has not served either Kautz or the Doe Defendants. Not only is the length of this delay unreasonable, but it is also prejudicial to Kautz and the Doe Defendants. Moreover, it is abundantly clear from the record that Plaintiff has no intention of providing the information necessary to serve these Defendants.

In conclusion, the Court finds that the record is wholly devoid of anything that could support the argument that Plaintiff warrants a time extension. Since the deadline for service expired in July 2018, and because Plaintiff failed to demonstrate cause for mandatory and/or permissive extension of the service deadline, the Court concludes that it must dismiss without prejudice Plaintiff's sole claim against Kautz and the Doe Defendants pursuant to Rule 4(m).

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Recommendation (ECF No. 48) is ADOPTED AS MODIFIED;

2. Plaintiff's Objection (ECF No. 53) is OVERRULED;

3. Plaintiff's sole claim against Defendant Kautz and the Doe Defendants is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m);

4. Plaintiff's Request for Ruling (ECF No. 64) is GRANTED;

5. The Clerk and parties shall amend the caption of this case to reflect the DISMISSAL of Defendant Kautz and the Doe Defendants; and

6. Plaintiff's Motion to Amend Complaint (ECF No. 74) is denied as to "claim one" (*id*. at 6–8) to the extent the claim is asserted against Defendant Kautz and the Doe Defendants. Following entry of this Order, the Court will refer the remainder of Plaintiff's Motion to Amend Complaint to the Magistrate Judge.

Dated this 28th day of March, 2019.

BY THE COURT:

_____
William J. Martínez
United States District Judge