IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-0931-WJM-NRN

HAZHAR A. SAYED,

    Plaintiff,

v.

SGT. JOSEPH KAUTZ,
SGT. LISA MUELLER,
SGT. TAMARA RAMPONE,
SGT. ZACHARY WITT,
CO MICHAEL BARGER,
CO COURTNEY MILLER,
CO CHRISTOPHER TRUJILLO,
CO BRANDON ADAMS, and
CO PHILLIP CASAREZ,

    Defendants.

---

## ORDER ADOPTING APRIL 28, 2021 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on United States Magistrate Judge N. Reid Neureiter's April 28, 2021 Report and Recommendation (the "Recommendation") (ECF No. 192) that the Court grant Defendants Sergeant Lisa Mueller, CO Tamara Rampone,[1] Sergeant Zachary Witt, CO Michael Barger, CO Courtney Miller, CO Christopher Trujillo, CO Brandon Adams, and CO Phillip Casarez's (collectively "Defendants") Motion for Summary Judgment ("Motion") (ECF No. 170). The

---

[1] In the caption and on the CM/ECF docket, the defendant's title is Sergeant Tamara Rampone, but in the body of the response to Plaintiff's Objections, the defendant's title is CO. (ECF No. 196.) Because Defendants repeatedly use the title CO, the Court, too, will use the title CO for Defendant Rampone.

Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the following reasons, the Recommendation is adopted in its entirety.

## I. BACKGROUND AND PROCEDURAL HISTORY

This action stems from two events which took place while Plaintiff Hazhar A. Sayed ("Plaintiff") was incarcerated at the Colorado State Penitentiary ("CSP"). (ECF No. 192 at 3.) First, Plaintiff claims that on January 4, 2018, while Plaintiff was in the attorney-client room, Sergeant Kautz,[2] Sergeant Mueller, CO Rampone, and an unknown person[3] screamed at him for "snitching" on Captain Tidwell and Lieutenant Page by filing grievances and a previous lawsuit, and then used the intercom to call him a snitch and sex-offender in his lawyer's presence. (*Id.*) Plaintiff claims he was then subjected to a "physical confrontation" when he was transferred back to his unit, which resulted in injuries to his right eye, arm, legs, and face. (*Id.*) Defendants submitted evidence that CO Rampone was not in the visiting room for these events because she was in training that day. (*Id.*) Plaintiff did not request protective custody after this incident and did not identify inmates who heard the statements about him or participated in or witnessed the assault. (*Id.*)

Second, Plaintiff claims that on October 22, 2018, CO Barger, CO Miller, CO Trujillo, CO Adams, CO Casarez, and Sergeant Witt failed to stop two inmates from assaulting him, and after the assault, they used the intercom system to call him a snitch,

---

[2] On March 28, 2019, Sergeant Kautz was dismissed as a party in this action. (ECF No. 78.)

[3] The Recommendation states that the unknown person has also been dismissed as a party in this action. (ECF No. 192 at 3.)

rat, and sex offender.  (*Id.* at 4.)  Defendants dispute Plaintiff's account.  (*Id.*)  By contrast, Defendants claim that Sergeant Witt approached Plaintiff on October 22, 2018 after noticing his face was red, but Plaintiff said nothing happened.  (*Id.*)  Sergeant Witt reported this interaction to Lieutenant Matthews, who reviewed a video of the dayroom which showed two inmates go into Plaintiff's cell and come out a few seconds later.  (*Id.*)  Plaintiff was sent for medical treatment, but he refused it.  (*Id.*)

Plaintiff filed grievances against the named Defendants for each incident, requesting as a remedy that CSP staff members stop retaliating against him for exercising his right to access the court and/or use the grievance system.  (*Id.*)  Additionally, Plaintiff filed his Fourth Amended Complaint ("FAC") in this action on July 23, 2019.  (ECF No. 100.)  He brings two claims, including: (1) retaliation for exercising his constitutional right to access the courts/grievance system in violation of the First Amendment; and (2) deliberate indifference/failure to protect in violation of the Eighth Amendment.  (*Id.*)  In the FAC, Plaintiff seeks damages in the form of injunctive and declaratory relief, as well as nominal and punitive damages.  (*Id.*; ECF No. 192 at 4.)

On December 14, 2020, Defendants filed the Motion, arguing that Plaintiff has not exhausted his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), that Plaintiff cannot establish a retaliation claim against any of the Defendants, and that qualified immunity bars Plaintiff's claims.  (ECF No. 170.)  Plaintiff responded in opposition to the Motion (ECF No. 179), and Defendants replied (ECF No. 180).

On April 28, 2021, Judge Neureiter issued his Recommendation that the Motion be granted in its entirety and judgment enter in favor of Defendants and against Plaintiff.

(ECF No. 192.)  First, Judge Neureiter found that summary judgment is appropriate as to Plaintiff's claim against CO Rampone because Defendants presented admissible evidence demonstrating that CO Rampone was not working at CSP on January 4, 2018.  (*Id.* at 9.)  In connection with this finding, he concluded that Plaintiff's own affidavit did not create a genuine issue of material fact that CO Rampone made the alleged comments over the intercom system on January 4, 2018.  (*Id.*)

Next, Judge Neureiter addressed Defendants' arguments that Plaintiff failed to exhaust his administrative remedies under the PLRA prior to bringing a suit concerning prison conditions.  (*Id.*)  Because it is undisputed that Plaintiff did not seek monetary damages in his grievances stemming from the January 4, 2018 and October 22, 2018 incidents, Judge Neureiter found that Plaintiff failed to exhaust his administrative remedies with respect to those damages and cannot bring a lawsuit to recover them.  (*Id.* at 11.)  However, Plaintiff did request in his grievances that CSP staff members stop retaliating against him for exercising his constitutional rights, which is directly related to the injunctive relief sought in this action.  (*Id.* at 12.)  Therefore, Judge Neureiter found that the administrative exhaustion doctrine does not bar Plaintiff from seeking the remedy of injunctive relief.  (*Id.*)

Third, Judge Neureiter considered Defendants' argument that Plaintiff cannot establish that he suffered any injury due to the comments made over the intercom system or that Defendants' conduct was substantially motivated by Plaintiff exercising his First Amendment rights.  (*Id.*)  In the Recommendation, he concluded that filing grievances and a lawsuit is a constitutionally protected activity, which satisfies the first element of the inquiry.  (*Id.* at 13.)  Nonetheless, Judge Neureiter determined that

4

Sergeant Mueller and CO Rampone are entitled to summary judgment on Plaintiff's retaliation claim because there is no genuine issue of material fact that they were substantially motivated by Plaintiff's use of the grievance process or his lawsuit against Captain Tidwell and Lieutenant Page. (*Id.* at 14.)

Specifically, Judge Neureiter reasoned that all of the Defendants worked at CSP, while Captain Tidwell and Lieutenant Page worked at Sterling Correctional Facility ("SCF"). (*Id.*) Thus, none of the Defendants knew Captain Tidwell or Lieutenant Page, and none knew that Plaintiff had filed a lawsuit against them. (*Id.*) Moreover, Judge Neureiter found that any temporal relationship among the incidents is tenuous at best. (*Id.*) On this basis, he recommended that because Plaintiff has failed to set forth specific facts linking Sergeant Mueller and CO Rampone's alleged conduct to his exercising his First Amendment rights, they are entitled to summary judgment on Plaintiff's retaliation claim.

Finally, Judge Neureiter recommended that the Court grant summary judgment in Defendants' favor on Plaintiff's claim for deliberate indifference/failure to protect under the Eight Amendment stemming from the October 22, 2018 incident. (*Id.* at 16.) Specifically, he noted that Plaintiff has failed to establish either the objective or subjective components of the deliberate indifference analysis. (*Id.*) As to the objective prong, although Plaintiff alleges that he suffered severe facial lacerations, Judge Neureiter observed that the evidence shows that Plaintiff was sent for a medical exam but refused treatment, did not complain of any injury at the time, and no bleeding or lacerations were observed. (*Id.*) Regarding the subjective prong, Judge Neureiter found that Plaintiff failed to demonstrate that Sergeant Witt, CO Barger, CO Miller, CO

5

Trujillo, CO Adams, and CO Casarez were aware that the assault was going to occur. (*Id.*)  Plaintiff did not request protective custody or inform these Defendants that he feared for his safety.  (*Id.*)  Because Plaintiff failed at a minimum to satisfy the objective prong, Judge Neureiter found that his Eighth Amendment rights were not violated and that Defendants are entitled to qualified immunity.  (*Id.*)

Thus, Judge Neureiter recommended granting the Motion and entering judgment in favor of Defendants and against Plaintiff.  (*Id.* at 17.)  Plaintiff objected to the Recommendation on May 12, 2021 ("Objections") (ECF No. 195), and Defendants responded to the Objections (ECF No. 196).

## II. LEGAL STANDARD

### A. Rule 72(b) Review of a Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 73(b)(3).  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150

6

(1985)); see also Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

## B.   Motion for Summary Judgment

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–50 (1986). A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc., 259 F.3d 1226, 1231–32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. Allen v. Muskogee, Okla., 119 F.3d 837, 839 (10th Cir. 1997) (citing Anderson, 477 U.S. at 248).

The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." Concrete Works, Inc. v. City & Cnty. of Denver, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing Celotex, 477 U.S. at 325)). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324. The court may consider only admissible evidence when ruling on a summary judgment motion. See World of Sleep, Inc. v. La–Z–Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record

and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

## C. Qualified Immunity

The doctrine of qualified immunity protects government officials from individual liability in the course of performing their duties so long as their conduct does not violate clearly established constitutional or statutory rights. *Washington v. Unified Gov't of Wyandotte Cnty.*, 847 F.3d 1192, 1197 (10th Cir. 2017). Once a defendant has asserted a defense of qualified immunity, the burden shifts to the plaintiff who must establish that (1) the defendant violated a right, and (2) the right was clearly established. *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015). A right is clearly established "when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains." *Washington*, 847 F.3d at 1197 (quoting *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (internal quotation marks omitted)).

## III. ANALYSIS

Because Plaintiff is proceeding *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The Court does not, however, "supply additional factual allegations to round out a plaintiff's complaint," or "construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

## A. Plaintiff's Claim Against CO Rampone

Although Plaintiff requests that the Court reject the Recommendation "in toto," he raises no specific objection to the recommendation that the claim against CO Rampone

be dismissed because she was not at CSP on January 4, 2018. (*See generally* ECF No. 195.) Thus, the Court reviews this aspect of the Recommendation only for clear error. *See Summers*, 927 F.2d at 1167.

Upon review, the Court sees no clear error in Judge Neureiter's analysis, and the Recommendation is adopted as to this aspect of the Motion. Summary judgment will be granted in favor of CO Rampone and against Plaintiff.

### B. First Amendment Retaliation Claim

"It is well-settled that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (quotation marks and alterations omitted). Similarly, "[t]he filing of prison grievances is constitutionally protected activity." *Requena v. Roberts*, 893 F.3d 1195, 1211 (10th Cir. 2018). A First Amendment retaliation claim may be shown by proving the following elements:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007). "[W]hen the plaintiff alleges that the defendant's action was taken in retaliation for protected speech, our standard for evaluating that chilling effect on speech is objective, rather than subjective . . . a trivial or de minimis injury will not support a retaliatory prosecution claim." *Eaton v. Meneley*, 379 F.3d 949, 954–55 (10th Cir. 2004) (internal quotation omitted).

In his Objections, Plaintiff argues that the Court should reject the portion of the

9

Recommendation which disregards his assertion that Sergeant Mueller and CO Rampone were not retaliating against him for his lawsuit against Captain Tidwell or Lieutenant Page, but because he filed other grievances against them.[4]  (ECF No. 195 at 5.)  Plaintiff cites no evidence in the record for support.  (*Id.* at 5–8.)  Further, Plaintiff states that he "filed grievances against some of the other staff members in the CSP.  (*Id.* at 5 (citing "attached exhibits").)  Because he has a right to access the courts and be free from retaliation for doing so, Plaintiff argues that his retaliation claim should survive summary judgment.  (*Id.* at 7.)  Plaintiff's Objections regarding this aspect of the Recommendation are sufficiently specific to trigger the Court's *de novo* review.  *See* Fed. R. Civ. P. 72(b)(3); *2121 E. 30th St.*, 73 F.3d at 1059.

In their response to the Objections, Defendants point out (as Judge Neureiter did in the Recommendation, *see* ECF No. 192 at 14) that Plaintiff's retaliation theory continues to change.  (ECF No. 196 at 6.)  Defendants explain that in his FAC, he alleges that the basis for his retaliation claim is that he brought claims against Captain Tidwell and Lieutenant Page—not these individual Defendants.  (ECF No. 100.)  Then, in his response to the Motion, Plaintiff shifted gears and argued that his retaliation claim was based on grievances he filed against the individual Defendants in this action.  (ECF No. 179.)  However, as explained above, Judge Neureiter rejected this assertion because it was contradicted by the operative pleading and it appeared to be untrue based on the evidence in the record.  (ECF No. 192 at 14; *see also* ECF No. 196 at 6 (noting that "A review of the grievances filed by Plaintiff while at C.S.P. demonstrates

---

[4] Judge Neureiter rejected this assertion because it was "directly contradicted by the allegations contained in the operative pleading and [Plaintiff's] prior complaints."  (ECF No. 192 at 14.)  In the Recommendation, Judge Neureiter also noted that "it appears to be untrue that [Plaintiff] filed grievances against either Defendant."  (*Id.* (citing ECF No. 180-4).)

10

that he made several allegations against other staff at C.S.P. alleging nearly identical claims" and "Plaintiff's grievances alleged that other staff members at C.S.P., *not the Defendants*, called him a 'rat,' 'snitch,' 'sex offender,' and government informant' prior to the . . . incidents") (emphasis added).)

Now, Defendants explain that in his Objections, Plaintiff has *again* altered his theory of retaliation so that it is based on grievances he filed against other staff members at CSP. (ECF No. 195 at 6; ECF No. 196 at 7.) Regardless of his evolving theories of retaliation, Defendants argue that "the fact remains that Plaintiff cannot establish any causal connection between the alleged statements made by the Defendants and alleged statements made by any other C.S.P. staff." (ECF No. 196 at 7.) Thus, they contend that Plaintiff cannot meet his burden, and summary judgment for Defendants is appropriate. (*Id.*)

"Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Thus, to the extent Plaintiff raises a new argument in his Objections—namely that Sergeant Mueller and CO Rampone allegedly made their statements in retaliation against grievances Plaintiff filed against other staff members at CSP—the Court deems this argument waived. *See id.*

Moreover, to the extent Plaintiff argues that the Court should reject Judge Neureiter's conclusion regarding his argument that Sergeant Mueller and CO Rampone were retaliating against him because he filed other grievances against them, the Court finds Plaintiff's argument unavailing. Plaintiff points to no evidence to support this argument, and regardless, the Court concludes that Judge Neureiter correctly found that

11

Plaintiff's argument was contradicted by the FAC and was simply "untrue." (ECF No. 192 at 14.) At bottom, Plaintiff has failed to demonstrate that a genuine issue of material fact exists that Sergeant Mueller and CO Rampone were substantially motivated by Plaintiff's use of the grievance process or his lawsuit against Captain Tidwell and Lieutenant Page. Plaintiff's conclusions with regard to such alleged motivation are pure speculation.

Therefore, Plaintiff's Objections regarding his First Amendment retaliation claim are overruled, and Defendants are entitled to summary judgment on this claim.

### C. Eighth Amendment Deliberate Indifference/Failure to Protect Claim

A violation of the Eighth Amendment occurs when a prison official is deliberately indifferent to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Although prison officials have a duty to protect inmates from violence at the hands of other inmates, not every injury resulting from violence between inmates results in constitutionally liability. *Id.* at 833–34. An inmate asserting an Eighth Amendment claim must demonstrate: (1) that the harm was "sufficiently serious" under an objective standard; and (2) that the prison officials had "subjective knowledge of the risk of harm" but did nothing to prevent such harm. *Howard v. Waide*, 534 F.3d 1227, 1236 (10th Cir. 2008).

First, to satisfy the objective component of the standard, an inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. A prison official's "act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Next, to satisfy the subjective component of the standard, the inmate must show

12

both that the prison official was "aware of facts from which the inference could be drawn that a substantial risk of harm exists" and that the prison official did in fact "draw the inference." *Id.* at 837. "[D]eliberate indifference entails something more than mere negligence" but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his Objections, Plaintiff argues that he has met the objective prong of the inquiry because he suffered serious bodily injury as a result of a violent assault perpetrated by two other inmates, which creates a substantial risk of serious harm. (ECF No. 195 at 9.) Further, he argues that Sergeant Witt, CO Barger, CO Miller, CO Trujillo, CO Adams, and CO Casarez knew of and disregarded the harm to Plaintiff by not acting to prevent it, thus satisfying the subjective prong. (*Id.*) For support but without citing any evidence from the record, Plaintiff generally states that "the evidence established that the named Defendants had knowledge that [Plaintiff] faced a substantial risk of serious harm on October 22, 2018, regardless of whether [Plaintiff] seek [*sic*] medical treatment or not." (*Id.* at 10.) Plaintiff's Objections regarding this aspect of the Recommendation are sufficiently specific to trigger the Court's *de novo* review. *See* Fed. R. Civ. P. 72(b)(3); *2121 E. 30th St.*, 73 F.3d at 1059.

Again, the Court finds Plaintiff's Objections to the Recommendation regarding his Eighth Amendment claim are without merit. The Court agrees with Defendants' statement that "Plaintiff's blanket assertion that he was at substantial risk of harm is insufficient to meet the objective component [of his deliberate indifference claim]." (ECF No. 196 at 8.) In his Objections, Plaintiff sets forth no evidence from the record to

13

support his argument that he faced a substantial risk of serious harm such that he satisfies the objective component of the deliberate indifference standard.  Although Plaintiff attempts to argue that he faced such a risk "regardless of whether [he sought] medical treatment," he cites no authority for support for this contention, and nonetheless, the facts do not support his argument.  (ECF No. 195 at 10.)  Plaintiff's statement that he suffered serious bodily injury is unsupported and conclusory.  (*Id.* at 9.)

In his Recommendation, Judge Neureiter properly found that the evidence shows that Plaintiff was sent for a medical exam after Sergeant Witt noticed his face was red, but Plaintiff refused treatment.  (ECF No. 192 at 16.)  Further, no bleeding or lacerations were observed, and Plaintiff did not complain of any injury at the time.  (*Id.*)  As Defendants underscore, Plaintiff never reported to any of the Defendants that he was concerned about his safety and never sought or requested protective custody.  (ECF No. 196 at 8–9.)

Because Plaintiff has failed to establish that he was at a substantial risk of serious harm and satisfy the objective prong of the inquiry, his Eighth Amendment claim fails on this basis alone.[5]  Because the Court finds that Plaintiff's Eighth Amendment rights were not violated, Defendants are entitled to qualified immunity.

Therefore, Plaintiff's Objections regarding his Eighth Amendment deliberate indifference/failure to protect claim are overruled, and Defendants are entitled to summary judgment on this claim.

---

[5] Given these findings, the Court need not assess whether Plaintiff has satisfied the subjective prong of the deliberate indifference inquiry.

## IV. CONCLUSION

For the reasons stated above, the Court ORDERS:

1. The Recommendation (ECF No. 192) is ADOPTED in its entirety;[6]

2. Plaintiff's Objections (ECF No. 195) are OVERRULED;

3. Defendants' Motion for Summary Judgment (ECF No. 170) is GRANTED;

4. The parties shall bear their own fees and costs; and

5. The Clerk shall enter judgment in favor of Defendants and against Plaintiff and terminate the case.

Dated this 9th day of September, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

[6] Because the Court finds that Defendants are entitled to summary judgment on the merits of both claims, the Court need not address the portion of the Recommendation addressing whether Plaintiff exhausted his administrative remedies regarding his damages claim.