IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-0931-WJM-NRN

HAZHER A. SAYED,

    Plaintiff,

v.

SGT. JOSEPH KAUTZ,
SGT. LISA MUELLER,
SGT. TAMARA RAMPONE,
SGT. WITT,
CO BARGER,
CO MILLER,
CO TRUJILLO,
CO ADAMS, and
CO CESAREZ,

    Defendants.

## ORDER DENYING PENDING MOTIONS

This matter is before the Court on:

(1) Plaintiff Hazher A. Sayed's Motion to Amend/Alter Judgment of 09/9/2021, Dismissing Claims One and Two ("Motion to Alter Judgment") (ECF No. 200);

(2) Plaintiff's Request for Transfer from State to Federal Custody ("Request for Transfer") (ECF No. 202);

(3) Plaintiff's Motion to File an Amended Complaint ("Motion to Amend") (ECF No. 206); and

(4) Plaintiff's Motion for Permission to File Reply in Support of Motion to Transfer from State to Federal Custody ("Motion for Leave to File Reply") (ECF No.

207) (collectively, "Motions").

Each motion has been fully briefed. For the reasons explained below, Plaintiff's Motions are denied.

## I. BACKGROUND

Plaintiff is a convicted sex offender who has been in the custody of the Colorado Department of Corrections ("CDOC") since 2006. (ECF No. 170 ¶ 4.)

On July 23, 2019, Plaintiff filed his Amended Prisoner Complaint alleging claims that Defendants, who are employees of the CDOC, violated his First and Eighth Amendment rights. (ECF No. 100) Defendants denied Plaintiff's allegations in their Answer to Amended Complaint, filed on October 8, 2019. (ECF No. 118.)

Thereafter, on December 14, 2020, Defendants filed a Motion for Summary Judgment. (ECF No. 170.) Plaintiff filed a response (ECF No. 179), to which Defendants replied (ECF No. 180).

On April 28, 2021, United States Magistrate Judge N. Reid Neureiter recommended that summary judgment be granted in favor of Defendants. (ECF No. 192.) And on September 9, 2021, this Court entered its Order Adopting the April 28, 2021, Recommendation of United States Magistrate Judge (ECF No. 198), overruling Plaintiff's objections to the recommendation (ECF No. 195) and granting summary judgment in favor of Defendants. Final Judgment was entered in favor of Defendants and against Plaintiff on September 9, 2021. (ECF No. 199.)

After Final Judgment had been entered, Plaintiff filed several motions, which are the subject of this Order.

On September 21, 2021, Plaintiff filed his Motion to Alter Judgment (ECF No.

200), to which Defendants responded (ECF No. 201).

On December 3, 2021, Plaintiff filed his Request for Transfer.  (ECF No. 202.)  The Court ordered Defendants to respond to Plaintiff's Request for Transfer, and the Court noted that Plaintiff would not be permitted to file a reply without prior leave of the Court.  (ECF No. 203.)  Defendants filed their response to Plaintiff's Request for Transfer on December 27, 2021.  (ECF No. 205.)

On December 27, 2022, Plaintiff filed his Motion to Amend (ECF No. 206), to which Defendants responded (ECF No. 208).

On January 5, 2022, Plaintiff requested permission to file a reply regarding his Request for Transfer.  (ECF No. 207.)

Because Plaintiff is proceeding *pro se*, the Court construes his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  The Court does not, however, "supply additional factual allegations to round out a plaintiff's complaint," or "construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

## II. MOTION TO ALTER JUDGMENT (ECF NO. 200)

**A.    Legal Standard: Federal Rule of Civil Procedure 60(b)**

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for [six] reasons[.]"  Fed. R. Civ. P. 60(b).  The first five reasons are scenarios that arise with enough frequency to be specifically called out (*e.g.*, excusable neglect, newly discovered evidence, satisfaction of judgment).  *See* Fed. R. Civ. P. 60(b)(1)–(5).  Then Rule 60(b)(6) permits a court to grant relief for "any other reason justifying relief."  While relief under the five enumerated clauses of Rule 60(b)(1)–(5) is "extraordinary and may only be granted in

3

exceptional circumstances," "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231–32 (10th Cir. 1999).

Ultimately, all Rule 60(b) motions are addressed to the sound discretion of the trial court. *Zimmerman v. Quinn*, 744 F.2d 81, 82 (10th Cir. 1984).

**B.    Analysis**

    1.    <u>Claim One: First Amendment Retaliation</u>

"It is well-settled that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (quotation marks and alterations omitted). Similarly, "[t]he filing of prison grievances is constitutionally protected activity." *Requena v. Roberts*, 893 F.3d 1195, 1211 (10th Cir. 2018). A First Amendment retaliation claim may be shown by proving the following elements:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007).

The Court granted summary judgment against Plaintiff on Claim One because Plaintiff had failed to demonstrate that a genuine issue of material fact exists that Defendants' actions were substantially motivated by Plaintiff's exercise of his First Amendment rights. (ECF No. 198 at 12.)

Plaintiff's argument that the Court should alter its judgment is woefully lacking. (ECF No. 200.) He does not argue that any of the six reasons for altering a judgment

4

under Rule 60(b) apply here. (*Id.* at 4.) Instead, he states that he "properly alleged" that Defendants' adverse actions were substantially motivated by his protected activity. (*Id.*)

While "properly alleged" facts may be sufficient to overcome a motion to dismiss, they are not sufficient to overcome a motion for summary judgment. As discussed above, the Court granted summary judgment against Plaintiff on this claim because there was no genuine issue of material fact regarding the third element of his claim, and thus, judgment could be entered against him as a matter of law. (ECF No. 198 at 12.) The Plaintiff's argument that he "properly alleged" certain facts does not disturb the Court's reasoning.

Therefore, Plaintiff's Motion to Alter Judgment is denied as to Claim One.

2. Claim Two: Eighth Amendment Deliberate Indifference

A violation of the Eighth Amendment occurs when a prison official is deliberately indifferent to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Although prison officials have a duty to protect inmates from violence at the hands of other inmates, not every injury resulting from violence between inmates results in constitutional liability. *Id.* at 833–34. An inmate asserting an Eighth Amendment claim must demonstrate: (1) that the harm was "sufficiently serious" under an objective standard; and (2) that the prison officials had "subjective knowledge of the risk of harm" but did nothing to prevent such harm. *Howard v. Waide*, 534 F.3d 1227, 1236 (10th Cir. 2008).

The Court granted summary judgment on Claim Two because "Plaintiff sets forth no evidence from the record to support his argument that he faced a substantial risk of serious harm such that he satisfies the objective component of the deliberate

5

indifference standard." (ECF No. 198 at 13–14.)

In his Motion to Alter Judgment, Plaintiff does not argue that any of the six reasons for altering a judgment under Rule 60(b) apply here. (ECF No. 200 at 6.) Instead, he restates the argument he made in his response to Defendants' Motion for Summary Judgment. (*Compare id.* at 6–7 *with* ECF No. 179 at 7.)

A motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. *See Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir.1994). Therefore, Plaintiff's Motion to Alter Judgment is denied as to Claim Two.

## III. REQUEST FOR TRANSFER (ECF NO. 202)

The general rule is that the state retains "primary jurisdiction" over an inmate who is serving state time. *See, e.g., Taylor v. Reno*, 164 F.3d 440, 440 n.1 (9th Cir. 1998). There is usually no right to be transferred when the inmate so desires. *See U.S. v. Klein*, 589 Fed. App'x 909, 911 (10th Cir. 2014).

Plaintiff alleges that he is at risk of "attack or worse by other inmates" at the Sterling Correctional Facility, in Sterling, CO, where he is currently incarcerated. (ECF No. 202 at 2.) He alleges that the risk to his safety was caused by Defendants announcing through the "cell speaker system" that he is a "snitch, rat, and sex offender." (*Id.*) Based on these allegations, he requests that this Court order his transfer to a federal facility. (*Id.*)

Plaintiff offers no caselaw suggesting that the Court has the authority to order his transfer from state custody into federal custody, and the Court is not aware of any.

6

Therefore, Plaintiff's Request for Transfer is denied.

## IV. MOTION TO AMEND (ECF NO. 206)

Entry of "final judgment precludes [a] plaintiff from amending his complaint as of right pursuant to [Federal Rule off Civil Procedure] 15(a)." *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985). "[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to [Rule] 59(e) or 60(b)." *Id.*

The Court has denied Plaintiff's Motion to Alter Judgment, *see supra* Section II, and the judgment in this case has not been set aside or vacated by any other order. Thus, an amended complaint is not permissible at this juncture. Therefore, Plaintiff's Motion to Amend is denied.

## V. MOTION FOR LEAVE TO FILE REPLY (ECF NO. 207)

Plaintiff's Motion for Leave to File Reply is denied because Plaintiff fails to provide any plausible reason that such a reply is warranted, and the Court finds none. (*See generally* ECF No. 207.)  To the extent that Plaintiff's Motion for Leave to File Reply constitutes a reply, it is stricken because it was filed without leave of the Court. (*See* ECF No. 203.)

## VI. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff Hazher A. Sayed's Motion to Alter Judgment (ECF No. 200) is DENIED;

2. Plaintiff Hazher A. Sayed's Request for Transfer (ECF No. 202) is DENIED;

3. Plaintiff Hazher A. Sayed's Motion to Amend (ECF No. 206) is DENIED; and

4. Plaintiff Hazher A. Sayed's Motion for Leave to File Reply (ECF No. 207) is DENIED.

Dated this 14th day of April, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge